Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 0639 | DATE | July 3, 2001 |
| CASE TITLE | *United States ex rel. Thomas Holliday vs. John E. Zaruba, Sheriff of DuPage County and Attorney General of Illinois* | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court denies petitioner's petition for a writ of habeas corpus with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 05 2001 date docketed | |
| ✓ | Notified counsel by telephone. | | 19 |
| ✓ | Docketing to mail notices. | FILED FOR DOCKETING | docketing deputy initials |
| ✓ | Mail AO 450 form. | 01 JUL -3 PM 5: 28 | |
| | Copy to judge/magistrate judge. | | date mailed notice |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* THOMAS R. HOLLIDAY, Petitioner, v. SHERIFF OF DU PAGE COUNTY, ILLINOIS, JOHN E. ZARUBA, AND THE ATTORNEY GENERAL OF THE STATE OF ILLINOIS, Respondents. | Case No: 01 C 0639  Judge James H. Alesia |

DOCKETED
JUL 0 5 2001

## MEMORANDUM OPINION AND ORDER

Before the court is petitioner Thomas R. Holliday's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. For the following reasons, Holliday's petition is denied.

### I. BACKGROUND[1]

On May 8, 1997, Petitioner Thomas R. Holliday ("Holliday") was a party to a domestic altercation with his wife, Mary Holliday ("Mary"). Holliday was arrested, charged with domestic battery and aggravated assault with a deadly weapon, and jailed in the DuPage County jail. He posted bond and was released on May 10, 1997. The conditions of bond required that Holliday have no contact with Mary for seventy-two hours.

On May 13, 1997, Mary sought and obtained from the Circuit Court of DuPage County ("the circuit court") an emergency order of protection pursuant to 750 ILL. COMP. STAT. 60/217.

---

[1]The court takes the facts from the Illinois Appellate Court's ruling affirming Holliday's conviction of domestic battery. *See People v. Holliday*, No. 97-DV-852, slip op. (Ill. App. Ct. 2d Dist. April 26, 2000).

On May 27, 1997, Holliday appeared with counsel in the circuit court to defend the allegations from the emergency order of protection that he committed domestic abuse. After a hearing, the court vacated the May 13, 1997 emergency order of protection and mutually enjoined, restrained and prohibited both Holliday and Mary from "harassment, interference with personal liberty, physical abuse, intimidation, willful deprivation or stalking of the other" pursuant to 750 ILL. COMP. STAT. 60/214. (Circuit Ct. Order dated May 27, 1997.).

On October 8, 1998, following a criminal bench trial in Illinois state court, Holliday was found guilty of one count of domestic battery pursuant to 720 ILL. COMP. STAT. 5/12-3.2(a)(1), and not guilty of aggravated assault with a deadly weapon. Holliday was sentenced to two years of probation, no contact with Mary, a $500.00 fine, costs and fees, domestic violence counseling, and sixty days of convict labor under the DuPage County Sheriff's Work Alternative Program. Holliday has completed all portions of the sentence except for the sixty days of convict labor.

On November 19, 1998, Holliday filed a motion for a new trial, alleging twenty-two errors. The motion was denied.

Next, Holliday appealed his conviction to the Illinois Appellate Court and raised the following six arguments for review: (1) the State failed to prove him guilty of domestic battery beyond a reasonable doubt; (2) the State committed a discovery violation by failing to tender his police statements; (3) the trial court erred by refusing to allow the defense to cross-examine Mary about her alleged past episodes of violence; (4) Holliday was denied effective assistance of counsel; (5) the State was precluded from prosecuting him for domestic battery after the

emergency order of protection proceeding; and (6) the trial court erred in excluding from evidence the transcript from the order of protection proceeding.

On April 26, 2000, the Illinois Appellate Court of the Second Judicial District affirmed Holliday's conviction and sentence, finding (1) a reasonable trier of fact could have found sufficient evidence to find beyond a reasonable doubt that Holliday was guilty of domestic battery; (2) there was no evidence that Holliday was prejudiced by the alleged discovery violation; (3) the trial court properly excluded the proffered evidence regarding Mary's alleged violent character; (4) there was no merit to Holliday's claim that he was deprived of effective assistance of counsel; (5) the State was not barred from prosecuting Holliday for domestic battery based upon the same facts alleged in the petition for a protective order because the State was not a party or in privity with a party to Mary's petition for a protective order; and (6) there was no merit to Holliday's claim that the trial court erred in excluding the record from the order of protection proceeding as substantive evidence.

On June 16, 2000, Holliday filed a petition for leave to appeal to the Illinois Supreme Court. His sole argument was that "[t]he Appellate Court's decision failed to consider *res judicata* and misapplied collateral estoppel" when it did not bar or estop prosecution of Holliday on domestic battery charges after the order of protection proceeding. (Holliday's Petition for Leave to Appeal at 4.) On October 4, 2000, the Illinois Supreme Court denied Holliday's petition for leave to appeal.

On January 30, 2001, Holliday filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his habeas petition, Holliday raises the following five issues for consideration:[2]

> I. Whether, the Circuit Court of DuPage County lacked subject matter jurisdiction to try; convict; or sentence, the Petitioner for one count of class A misdemeanor Domestic battery, after the Petitioner was exonerated[3] for the offense charged on the basis of self defense, in a prior Order of protection proceeding in the same Circuit Court. Further, whether said actions violated Petitioner's rights to Due Process and Equal Protection of the Law.
> II. Whether, the State violated the right of the Petitioner not to be subject to trial more than once for the same offense;[4] and the right not to be compelled to testify against himself; when he was required to testify to defend and [sic] *ex-parte* order of protection, or face continued exclusion for [sic] his own home and having prevailed in that action was forced by the State to stand criminal trial for the same alleged misconduct. Further, whether said State actions violated the Petitioner's rights under the Fourth, Fifth, and Fourteenth Amendments.
> III. Whether, the State violated the Petitioner's Fundamental Confrontation Rights under the Sixth and Fourteenth Amendments by barring <u>all</u> cross examination of the alleged victim about her prior violence directed against him; barring <u>all</u> such direct testimony of the Petitioner during his case in chief; and by limiting such testimony in the Petitioner's redirect examination to two responses, when the State forced the Petitioner to stand criminal trial for Domestic battery after he prevailed on the allegations of Domestic abuse in the prior proceeding.

---

[2]To demonstrate the confusing and overlapping nature of Holliday's arguments, the court will quote rather than paraphrase Holliday's arguments.

[3]Throughout his briefs to the Illinois state courts and to this court on habeas review, petitioner claims that he was "exonerated" in the order of protection proceeding. More accurately, the circuit court found in the expedited proceeding, (Trial Ct. Rec. at 2), that Mary failed to prove she was abused by a family member, and denied the motion to continue the emergency order of protection, but on its own motion *entered a mutual restraining order as to both parties*, prohibiting the conduct set forth in 750 ILL. COMP. STAT. 60/214(b)(1). (Trial Ct. Rec. at 6.)

[4]In its discussion, this court will address the first phrase of petitioner's second argument – regarding petitioner's right "not to be subject to trial more than once for the same offense" – with the court's discussion of his first argument, where it seems more appropriately grouped.

4

IV. Whether, the failure of the state to allow the admission of the transcript of the order of protection hearing as substantive evidence in the Petitioner's subsequent criminal trial, per Illinois statute, violated the Petitioner's right to confront his accuser with her prior statements; denied the Petitioner the right to effective assistance of counsel; and denied the Petitioner the equal protection of the laws; rights secured the Petitioner under the Sixth and Fourteenth Amendments.

V. Whether, the State violated the Petitioner's fundamental Fifth and Fourteenth amendment right not to be convicted for a criminal offense unless the evidence, and not unsupported argument, established his guilt beyond a reasonable doubt; where the trial court noted that there were serious inconsistencies in the sole eyewitness' [sic] testimony; where no physical evidence was presented capable of establishing that it was the Petitioner, and not his accuser, that was the perpetrator of the alleged criminal conduct; where the trial court entered no findings of fact in support of their [sic] judgment; where the accusing witness materially changed, added to, and subtracted from her previous testimony and statements to peace officers; where the Petitioner's entire testimony had been previously disclosed to the State and his accuser in the prior proceeding; and where the Petitioner had been previously exonerated of criminal wrongdoing at the preponderance level of the evidence.

(Holliday's Petition at iv.)

In responding to Holliday's habeas petition, respondent conceded that Holliday exhausted his state court remedies. Further, respondent declined to address the merits of any of Holliday's claims, asserting only that each claim has been procedurally defaulted. On February 15, 2001, the Illinois Supreme Court entered an order, pursuant to Illinois Supreme Court Rule 368(c), staying the uncompleted portion of Holliday's sentence – the sixty days of Sheriff's Work Alternative Program – pending this court's disposition of Holliday's habeas petition.

## II. DISCUSSION

### A. Procedural Default

Under current law governing federal habeas corpus, a petitioner must establish that the state court proceeding:

5

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). *See also Ellsworth v. Levenhagen*, 248 F.3d 634, 638 (7th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000)).

However, before proceeding to the merits of a habeas petition, the court must determine whether the petitioner (1) exhausted his state court remedies and (2) avoided procedurally defaulting his claims during the state court proceedings. *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). In this case, exhaustion is not at issue; respondent agrees that Holliday has exhausted his state court remedies. What is at issue is whether Holliday has procedurally defaulted his claims. Respondent argues that Holliday has.

Relevant to this case, there are two different ways a petitioner can procedurally default a claim. These are: (1) when a petitioner failed to properly present his claim in the state court proceeding, or (2) if the state court declined to address the merits of his claim due to his non-compliance with a state law requirement. *United States ex rel. Brunt v. Cowan*, No. 00 C 5772, 2001 WL 521837, at *1 (N.D. Ill. May 16, 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)).

If a petitioner procedurally defaults a claim, the petitioner may raise the claim in federal court via a petition for habeas corpus only if the petitioner shows either (1) there is a good cause for the default and actual prejudice therefrom or (2) default would lead to a "fundamental miscarriage of justice." *Bouseley v. United States*, 523 U.S. 614, 622-624 (1998); *Steward v.*

6

*Gilmore*, 80 F.3d 1205, 1211 (7th Cir. 1996). The fundamental miscarriage of justice exception is a narrow exception that "requires a claim that the defendant be actually innocent of the crime for which he or she is imprisoned." *Steward*, 80 F.3d at 1212. To establish actual innocence, the petitioner must show that "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623. (internal quotations omitted).

B. <u>Holliday's Habeas Petition</u>

In his habeas petition, Holliday argues: (1) the circuit court lacked subject matter jurisdiction to convict him for domestic battery after the order of protection proceeding, and that his criminal prosecution violated his rights to due process and equal protection and his right not to be subject to trial more than once for the same offense; (2) the State violated his right not to be compelled to testify against himself; (3) the State violated his confrontation rights by barring evidence of Mary's alleged prior violence; (4) by refusing to admit into evidence the transcript from the order of protection proceeding, the trial court violated his confrontation rights, his right to effective assistance of counsel, and his right to equal protection; and (5) the State violated his rights under the Fifth and Fourteenth Amendments because the evidence presented at his domestic battery trial did not establish guilt beyond a reasonable doubt. Respondent argues that Holliday procedurally defaulted all his claims. The court agrees.

1. <u>Failure to raise claims in Illinois Supreme Court</u>

Holliday procedurally defaulted claims two, three, four, and five by failing to raise them in his petition for leave to appeal to the Illinois Supreme Court.

7

A federal habeas petitioner must present his federal constitutional claims to the state court in order to allow the state court the fair "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997) (citation omitted). A federal claim has been fairly presented to a state court if the petitioner "'has clearly informed the state court of the factual basis of that claim and has argued to the state court that those facts constituted a violation of the petitioner's constitutional rights.'" *Steward*, 80 F.3d at 1221. "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Momient-El v. DeTella*, 118 F.3d 535, 539 (7th Cir. 1997). *See also Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (citing 28 U.S.C. §§ 2254(b), (c) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)) (stating that to avoid forfeiting federal review of a claim, a habeas petitioner must have presented both the operative facts and legal principles that control each claim to the state judiciary).

To determine whether a petitioner fairly presented a federal claim in state court, the court examines the petitioner's argument to the state court to determine

> (1) whether the petitioner relied on federal cases that engage in a constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Ellsworth*, 248 F.3d at 639. "The bottom line is that the task of the habeas court in adjudicating any issue of fair presentment is assessing, in concrete, practical terms, whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that

issue on a federal basis." *Id.* The presence of any one of the above factors, especially the first and second, does not automatically avoid procedural default. *Bocian*, 101 F.3d at 469. Rather, the court must consider the specific facts of each case. *Id.*

Having reviewed the entire record, the court finds that although Holliday may have sufficiently raised his last four claims in his brief to the Illinois Appellate Court, he did not raise these four claims at all in his petition for leave to appeal to the Illinois Supreme Court. In his petition for leave to appeal to the Illinois Supreme Court, Holliday presented only one of his five habeas issues, namely that the Illinois Appellate Court erred as a matter of law when it failed to apply *res judicata* or collateral estoppel to bar or estop prosecution of Holliday on domestic battery charges after the order of protection proceeding. That was the only issue presented in Holliday's petition for leave to appeal to the Illinois Supreme Court. Holliday did not raise any of the other four claims. To preserve these four claims for federal habeas review, Holliday needed to present them to the Illinois Supreme Court in his petition for discretionary review. *See O'Sullivan*, 526 U.S. at 845 (stating that a habeas petitioner has an obligation to raise in the state supreme court all the claims he wishes to rely on in his federal court habeas proceedings, and failure to do so results in a procedural default of those claims). Further, the Seventh Circuit has explicitly ruled that a habeas petitioner procedurally defaults his claim by failing to present it to the Illinois Supreme Court. *Anderson v. Cowan*, 227 F.3d 893, 900 (7th Cir. 2000).

Because Holliday failed to present his last four claims to the Illinois Supreme Court, this court may consider the merits of these claims only if Holliday shows good cause for the default and actual prejudice therefrom, or that failure to review his claims will result in a fundamental

9

miscarriage of justice. *See O'Sullivan*, 526 U.S. at 848; *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Anderson*, 227 F.3d at 899-900 (citing *Coleman*, 501 U.S. at 750). Holliday has made no attempt in his habeas petition to demonstrate either cause for his failure to include those claims in his petition for leave to appeal to the Illinois Supreme Court and prejudice therefrom or that failure to review his claim will result in a fundamental miscarriage of justice.[5] Thus, Holliday has procedurally defaulted these four claims for failing to appeal them to the Illinois Supreme Court. Accordingly, the court dismisses the following four claims with prejudice: (1) the State violated his right not to be compelled to testify against himself; (2) the State violated his confrontation rights by barring evidence of Mary's alleged prior violence; (3) by refusing to admit into evidence the transcript from the order of protection proceeding, the trial court violated his confrontation rights, his right to effective assistance of counsel, and his right to equal protection; and (4) the State violated his rights under the Fifth and Fourteenth Amendments because the evidence presented at his domestic battery trial did not establish guilt beyond a reasonable doubt.

---

[5]The closest Holliday comes to explaining his failure to present these claims in his petition for leave to appeal to the Illinois Supreme Court is when Holliday states in his reply brief that these claims "were inextricably intertwined with Double Jeopardy" and that the "appellate counsel ... brought these violations to the attention of the Supreme Court in reference to the Appellate arguments included with the Petition for Leave to Appeal." (Holliday's Reply Br. at 8.) Holliday cites no support, and the court's own research reveals no support, for the proposition that such a vague and unsupported assertion that unstated claims were "inextricably intertwined" with stated claims is sufficient to demonstrate that Holliday properly presented these claims to the Illinois Supreme Court. Further, Holliday cites no support, and the court's own research reveals no support, for the proposition that mere reference to attached appellate arguments constitutes "fair presentment" of a claim in state court. Therefore, the court finds Holliday's explanation meritless.

10

### 2. Holliday's only remaining claim

There is only one claim left in Holliday's habeas petition. This is Holliday's first claim that

> the Circuit Court of DuPage County lacked subject matter jurisdiction to try; convict; or sentence, the Petitioner for one count of class A misdemeanor Domestic battery, after the Petitioner was exonerated for the offense charged on the basis of self defense, in a prior Order of protection proceeding in the same Circuit Court. Further, whether said actions violated Petitioner's rights to Due Process and Equal Protection of the Law.

(Holliday's Petition at iv.) The court reads this claim as a three-pronged argument that (1) in accordance with the doctrines of *res judicata* and collateral estoppel, the circuit court lacked subject matter jurisdiction to convict him for domestic battery after the order of protection proceeding; (2) Holliday's conviction for domestic battery violated the double jeopardy clause; and (3) Holliday's conviction for domestic battery violated his equal protection and due process rights. Again, respondent does not address the merits of this claim but rather simply argues that Holliday has procedurally defaulted this claim by failing to present it to the Illinois state courts. While Holliday did present a form of this issue in the Illinois state courts, this court finds that Holliday still did not sufficiently alert the Illinois state courts "to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." *Ellsworth*, 248 F.3d at 639. Therefore, the court agrees that this claim is procedurally defaulted and dismisses it with prejudice.

#### a. Procedural default

Regardless of how Holliday frames his jurisdictional claim, it is still procedurally defaulted because Holliday failed to present it as a federal constitutional claim to the state courts.

11

In presenting his jurisdictional claim to the state courts, Holliday did not: (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation. *Wilson*, 243 F.3d at 327. Where a petitioner has not met any of these conditions, the court "will not consider the state courts to have had a fair opportunity to consider the claim." *Verdin v. O'Leary*, 972 F.2d 1467, 1473-74 (7th Cir. 1992).

In presenting his argument regarding *res judicata*, collateral estoppel, and subject matter jurisdiction to the Illinois state courts, Holliday simply asked the state courts to apply the language of the Illinois statutes governing domestic abuse orders of protection and domestic battery convictions to the facts of his case in determining whether there was a basis for *res judicata* or collateral estoppel. There was no federal constitutional aspect to the claim. Holliday did not cite any federal case law. In fact, in his brief to the Illinois Appellate Court, he cited only one case, *People v. Powell*, 703 N.E.2d 934 (Ill. App. Ct. 1998), in support of this argument. Moreover, *Powell* – a state court case which did not apply federal constitutional analysis – was cited merely as support for the sole proposition that the standard of proof for conviction of domestic battery is proof beyond a reasonable doubt. (Appellant's Br. at 45.) Then in his argument in the Illinois Supreme Court, Holliday contended merely that "[t]he Appellate Court's decision failed to consider *res judicata* and misapplied collateral estoppel" when it did not bar or estop prosecution of Holliday on domestic battery charges after the order of protection proceeding. (Holliday's Petition for Leave to Appeal at 4.) Holliday did not assert a federal

constitutional claim in particular terms or allege facts within the mainstream of constitutional litigation. Rather, his claim was merely a question of state law. Thus, Holliday failed to sufficiently alert the Illinois state courts to the constitutional nature of his claim. *See Wilson*, 243 F.3d at 327 (setting forth the standard to avoid forfeiting federal review of a claim). Accordingly, this claim is procedurally defaulted and the court dismisses it with prejudice.

As far as Holliday framing this jurisdictional argument as a double jeopardy argument, this claim is still procedurally defaulted. While the facts underlying his arguments on this issue to the Illinois state courts are consistent with the federal double jeopardy claim that Holliday makes in his habeas petition, "that alone does not enable us to say that the claim, as asserted in state court, falls within the mainstream of constitutional litigation – if it were, the fair presentment requirement would be meaningless." *Wilson*, 243 F.3d at 327. Again, as stated earlier, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Momient-El*, 118 F.3d at 539. *See also Wilson*, 243 F.3d at 327 (7th Cir. 2001) (citing 28 U.S.C. §§ 2254(b), (c) and *O'Sullivan*, 526 U.S. at 844-45) (stating that to avoid forfeiting federal review of a claim, a habeas petitioner must have presented both the operative facts and legal principles that control each claim to the state judiciary). Thus, this jurisdictional claim is procedurally defaulted, and the court dismisses it with prejudice.

### b. Lack of jurisdiction is a state law issue

Holliday argues that this claim is not procedurally defaulted because subject matter jurisdiction may be raised at any time. However, to the extent Holliday challenges the

13

jurisdiction of the trial court, this claim is not cognizable under § 2254 and is denied. On collateral review, federal courts cannot review claims that the state court has disposed of on state law grounds. *Lambrix v. Singletary*, 520 U.S. 518, 523-24 (1997) (noting that where "the state law determination is sufficient to sustain the decree, an opinion ... on the federal question would be purely advisory."). In other words, federal habeas relief is not available if the state court decision rests on a state law ground that "is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729. *See also Trest v. Cain*, 522 U.S. 87, 89 (1997) ("In the habeas context, the application of the independent and adequate state ground doctrine ... is grounded in concerns of comity and federalism.").

Holliday's assertion that the trial court lacked jurisdiction raises an issue of state law because it questions the interpretation of state statutes, and therefore it is not cognizable in a federal habeas case. *See Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law ...."); *Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991) ("We are not persuaded that a constitutional violation necessarily occurs when the convicting state court acts without jurisdiction purely as a matter of state law."); *United States v. Mancusi*, 415 F.2d 205, 209 (2d Cir. 1969) ("[N]o federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law ..."). Therefore, habeas corpus relief on this claim is denied.

### c. Double Jeopardy claim is meritless

Assuming *arguendo* Holliday's double jeopardy claim was not procedurally defaulted, it still would not have merit. The Double Jeopardy Clause "forbids the duplicative prosecution of a defendant for the same offence." *United States v. Felix*, 503 U.S. 378, 386 (1992). However, the presumption that legislature does not intend to punish the same offense under two different statutes, *Whalen v. United States*, 445 U.S. 684, 693 (1980), can be overcome if there is a clear indication of contrary legislative intent. *See Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

Holliday claims that his conviction and sentence for domestic battery in violation of 725 ILL. COMP. STAT 5/112A-6 after a order of protection proceeding for domestic abuse under the Domestic Violence Act of 1986 (750 ILL. COMP. STAT. 60/205) violated the Double Jeopardy Clause of the United States Constitution. *See* U.S. CONST. amend. V (conferring right not to be "twice put in jeopardy" for the same criminal offense). However, in *People v. Wouk*, 739 N.E.2d 64 (Ill. App. Ct. 2000), a case nearly identical to the case at hand, the court examined the legislative intent and procedural differences underlying these two statutes. That court concluded that an order of protection proceeding does not collaterally estop the State in a subsequent criminal proceeding. *Wouk*, 739 N.E.2d at 69.

In addressing this situation, the court in *Wouk* noted that an order of protection is an expedited proceeding, the focus of which is on the immediate protection of the abused family or household members, not the guilt of the accused and the more general protection of society, as is the focus in a criminal domestic battery prosecution. *Id.* at 70. In particular, the court

found that "[t]he General Assembly identified several purposes underlying the Domestic Violence Act of 1986 (the Act), including to '[s]upport the efforts of victims of domestic violence to avoid further abuse by promptly entering and diligently enforcing court orders which prohibit abuse ....'" *Id.* (quoting 750 ILL. COMP. STAT. 60/102(4)). The court went on to emphasize the further differences between an order of protection hearing for domestic abuse and a criminal prosecution of domestic battery: "In order-of-protection proceedings, the standard of poof is proof by a preponderance of the evidence ..., and the respondent has no jury trial right .... The Act provides for expedited service of process ..., and '[a] petition for an order of protection shall be treated as an expedited proceeding' ...." *Id.* (citing 750 ILL. COMP. STAT. 60/205(a), 206, 210(c), 212(a)).

This court agrees with the analysis in *Wouk* regarding the legislative intent and procedural differences underlying the statutes that govern an order of protection hearing for domestic abuse and a criminal conviction for domestic battery. Further, this court finds that the same public policy reasons articulated in *Wouk* that preclude the application of collateral estoppel also make the doctrine of double jeopardy inapplicable in this context. The different public policy reasons underlying the two Illinois statutes, along with the procedural differences in enforcing the statutes, clearly indicate that the legislature intended for the two separate statutes to punish the same offense.

Therefore, this court finds that – assuming *arguendo* Holliday's double jeopardy argument was not procedurally defaulted – Holliday's right to be free from double jeopardy was not violated in this case. It cannot be said that the Illinois state court's "adjudication of the claim

16

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). In fact, its decision was entirely consistent with a reasonable application of federal law. Thus, Holliday's double jeopardy argument is denied with prejudice.

### d. Unsupported claims of due process and equal protection violations

Finally, in his prayer for relief, Holliday states that his rights to due process and equal protection under the Fifth and Fourteenth Amendment were violated when he was tried in a court that lacked subject matter jurisdiction. He makes no further arguments regarding due process or equal protection. Because Holliday offers nothing more than a bald assertion that these rights were violated – and because this court finds that the circuit court indeed had subject matter jurisdiction – this claim lacks the detail necessary to demonstrate that it is more likely than not that no reasonable juror would have found him guilty. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). Thus, Holliday has failed to overcome procedural default. Accordingly, the court denies this claim with prejudice.

### III. CONCLUSION

For the foregoing reasons, the court dismisses with prejudice Holliday's petition for a writ of habeas corpus.

Date: JUL 03 2001

James H. Alesia
United States District Judge

17